Filed 11/20/25  In re Sa.V. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re Sa.V. et al., Persons Coming Under the Juvenile Court Law. | |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>S.V.,<br><br>Defendant and Appellant. | C102625<br><br>(Super. Ct. Nos. JD242981, JD242982, JD242983) |

Appellant, S.V., father of the minors, Sa.V., H.V., and K.V. (collectively, the minors) appealed from the juvenile court's order granting a petition for modification of visitation.  (Welf. & Inst. Code, § 388; statutory section citations that follow are found in the Welfare and Institutions Code unless otherwise stated.)  The father contends the juvenile court denied him due process by granting the petition for modification without a contested hearing.  Father has forfeited his claim and we affirm the juvenile court's order.

1

FACTS AND HISTORY OF THE PROCEEDINGS

In June 2024, the Sacramento County Department of Child, Family and Adult Services (Department) filed three separate petitions in the juvenile court alleging the minors, Sa.V., H.V., and Ke.V., ages 8-months, 2-years, and 3-years respectively, suffered or were at substantial risk of serious harm as a result of the failure or inability of the mother, K.V., to supervise or protect the minors adequately and to provide regular care for the minors due to her mental illness. The petition stated mother had been diagnosed with schizophrenia but was not receiving mental health treatment or taking medication. Mother suffered from delusions and had called law enforcement 12 times since January 2024 to report she needed help. The petition further claimed the father, S.V., failed to protect the minors from mother's mental illness, which placed the minors at substantial risk of serious harm, abuse, and/or neglect. The juvenile court initially ordered emergency detention of the minors. At a subsequent hearing, the juvenile court found the Department had made a prima facie showing that the minors fell within section 300 and ordered the children to be detained. The court also issued a general visitation order and directed the Department to set a visitation schedule for father and services for both parents.

On September 16, 2024, the juvenile court held a jurisdictional and dispositional hearing as well as a contested hearing on three separate petitions to modify visitation (§ 388), which were filed by the Department. The petitions for modification alleged that in August 2024 father made numerous verbal and physical outbursts towards Department staff resulting in staff members refusing to be a part of father's visits due to safety concerns. During the hearing, father testified that he did not push, but only "brushed past" the visitation supervisor. He admitted security escorted him out of the visitation center on that occasion, that he "may have used . . . colorful language" because his visitation ended early, and that he "flicked . . . off" Department staff members. Father's

counsel argued that father's behavior towards the staff members did not reflect his relationship with the minors and that his hostility with the Department stemmed from his belief that the Department was trying to take the minors away from him.

The juvenile court found by a preponderance of evidence that the minors fell within the jurisdiction of the juvenile court, and as to disposition the court ordered the minors removed from parental custody. The juvenile court denied the petition to modify visitation and ordered general visitation but stated: "I have no problem with the Department [ceasing] visitation if there's any issue with staff feeling threatened or safe in order to accommodate the visits for the children." It further stated, "If there's any indication that the staff feels threatened or not safe, those visits are going to be modified. Are we clear everybody?"

On November 12, 2024, the Department filed three separate petitions to modify father's visitation with the minors. The petitions alleged, "[i]t is necessary to suspend visitation for the father due to his aggression towards staff, refusal to follow directions intended to ensure the safety of the children, and his refusal to follow visitation guidelines." The petitions further alleged five separate incidents that occurred in September and October in which father "continue[d] to be defiant, aggressive, intimidating, and disrespectful to Department staff in various ways and refuse[d] to respond to efforts to engage him in services or to demonstrate appropriate behavior during visits." The Department requested that the juvenile court suspend father's visitation until he attended anger management counseling, which the progress report filed by the Department on the following day indicated was part of father's services. The progress report also indicated father was doing "very well with the [minors]" and that he was "capable of ensuring that their needs [were] being met, addressing any concerns they may have, and interacting with them appropriately," but asserted father's continued "animosity towards the Department ha[d] created complications and safety concerns during the visits."

3

On November 15, 2024, the juvenile court set a hearing for November 18, 2024, on the petitions to modify visitation. At the hearing, the Department argued the juvenile court should suspend father's visits until he attended anger management counseling because the Department staff was concerned for their safety due to "father's out of control [behavior]" during visitation, which occurred in front of the minors. Counsel for the minors concurred with the Department's position but was not opposed to virtual visitation.

Father appeared remotely at the hearing. His counsel opposed the petition and asked for a "contested" hearing. Counsel noted, "there's a lot of information in this motion filed by the Department, a lot of it the father does not agree with, and I believe that he has the right to present evidence and to testify and respond to the allegations in the information that was contained in the motion. So I'm asking for a contested hearing. [¶] . . . The information provided indicates the father obviously is upset with the Department, . . ., but it doesn't sound like he has come close to being violent with anyone. . . . It sounds like he is frustrated, and they are interpreting that in a way that they feel threatened." Counsel also indicated that father was willing to participate in services and asserted that once he began services the juvenile court should resume in-person visits. The court then asked father's counsel if she had any other comments or argument, and counsel responded, "Submitted."

The juvenile court granted the petition to modify visitation but allowed father to have virtual visitation.

Father timely appealed.

### DISCUSSION

Father claims the juvenile court denied him due process by not granting him a contested hearing on the petition for modification. The Department asserts father was present at the petition for modification hearing and had the opportunity to present

4

evidence, but did not do so, forfeiting his claim on appeal.  We agree with the Department.

Section 388, subdivision (a) provides that any person having an interest in a dependent child may petition the juvenile court for a modification of its prior orders "upon grounds of change of circumstance or new evidence."  Upon the filing of a petition for modification, "[i]f there is no such stipulation and the petition has not been denied ex parte," the juvenile court may "order that a hearing on the petition be held within 30 calendar days after the petition is filed."  (Cal. Rules of Court, rule 5.570(f)(1).)  "The petitioner requesting the modification under section 388 has the burden of proof" to show "that the child's welfare requires such a modification" by the preponderance of the evidence.  (Cal. Rules of Court, rule 5.570(h)(1)(D); see also rule 5.570(i)(1) ["Proof may be by declaration and other documentary evidence, or by testimony, or both, at the discretion of the court"].)

"The hearing must be conducted as a dispositional hearing under rules 5.690 and 5.695 if [¶] . . . [¶] [t]here is a due process right to confront and cross-examine witnesses."  (Cal. Rules of Court, rule 5.570(h)(2)(B).)  In juvenile dependency litigation, due process affords a parent the right to be heard.  (*In re Matthew P.* (1999) 71 Cal.App.4th 841, 851.)  " ' "A meaningful hearing requires an opportunity to examine evidence and cross-examine witnesses." ' "  (*In re Lance V.* (2001) 90 Cal.App.4th 668, 676, quoting *In re Matthew P.* at p. 851.)  A party has the right to confront and cross-examine witnesses at a hearing on a petition for modification where credibility is at issue.  (*In re Matthew P.* at pp. 849-851; *In re Clifton V.* (2001) 93 Cal.App.4th 1400, 1405-1406.)

"A party forfeits the right to claim error as grounds for reversal on appeal when he or she fails to raise the objection in the trial court."  (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 221; see also Civ. Code, § 3516.)  "Forfeiture . . . applies in

5

juvenile dependency litigation and is intended to prevent a party from standing by silently until the conclusion of the proceedings." (*In re Dakota H.* at p. 222.)

Here, father was present at the petition for modification hearing. Father's counsel acknowledged father's right to present evidence and to testify in response to the allegations in the petition but chose not to present evidence or have father testify at the hearing. As such, father's claim is forfeited.

To the extent counsel's request for a "contested hearing" was an oral motion for continuance, we conclude the juvenile court's implied denial of father's request for a continuance was not an abuse of discretion because father did not demonstrate good cause existed. (§ 352, subd. (a)(2); *In re Giovanni F.* (2010) 184 Cal.App.4th 594, 605.) A juvenile court may grant a continuance if it is not contrary to the best interest of the child, upon a showing of good cause. (§ 352, subd. (a); *In re Mary B.* (2013) 218 Cal.App.4th 1474, 1481.) Counsel asserted that father had the right to present evidence and testify in response to the allegations contained in the petitions, but father failed to offer any reason for the juvenile court to continue the hearing for father to do so. As such, we find no abuse of discretion.

## DISPOSITION

The order modifying visitation is affirmed.

_____
HULL, Acting P. J.

We concur:

_____
RENNER, J.

_____
MESIWALA, J.